## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| Daisy Santana | ) ) | Case No. 14-26471 |
| Debtor. | ) ) | Judge Jack B. Schmetterer |
| Daisy Santana | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Adv. No. 14-816 |
| Comerica Bank | ) ) | |
| Defendant | ) ) | |

### ~~PROPOSED~~ FINDINGS OF FACT AND CONCLUSIONS OF LAW

Pursuant to Plaintiff's motion for the entry of a default judgment against the Defendant and the entry of default against the Defendant by the court; ~~Plaintiff hereby submits the~~ the court makes and enters the following ~~proposed~~ Findings of Fact and Conclusions of Law:

### FINDINGS OF FACT

1. On December 2, 2014 Plaintiff filed this adversary proceeding pursuant to Fed. R. Bankr. P. 7001(2) to determine the validity, priority, or extent of the liens held by the Defendant against the real property owned by the Plaintiff. This adversary proceeding includes objections to claims as provided by Fed. R. Bankr. P. 3007(b).

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334. This adversary proceeding is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A)(B)(K) and (O).

3. Venue is proper in the Northern District of Illinois, Eastern Division, pursuant to

1

28 U.S.C. § 1409(a).

4. Plaintiff, Daisy Santana, is an individual that resides in Cook County, Illinois.

5. Defendant Comerica Bank ("Comerica") is a national bank.

6. The Plaintiff commenced a voluntary chapter 11 bankruptcy case (the "Case") by filing a voluntary petition for relief under Chapter 11 of title 11 of the United States Code, 11 U.S.C. §101 *et seq.* (the "Bankruptcy Code") on July 18, 2014 in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division (the "Court").

7. At the time the Case was filed, Plaintiff was the owner of four properties located in Chicago, Illinois. The properties are one two flat building located at 5257 West Warner, a single family home located at 2946 North Normandy; a single family home located at 2916 North New England; and a single family home located at 2934 North McVicker (collectively referred to as the "Properties").

8. The Plaintiff resides in one of the units in the two flat building located at 5357 West Warner. The other Properties are investment properties that are rented to tenants.

9. Defendant is the holder of a second or third mortgage on each of the Properties.

10. On or about June 26, 2008, Defendant made an SBA guaranteed loan in the principal amount of $1,225,000.00 to Century Investment Group, LLC and Chatham Food Market Corporation.

11. On or about June 26, 2008 the Plaintiff executed an unconditional guarantee of the loan to Century Investment Group, LLC and Chatham Food Market Corporation.

12. As part of the transaction, the Plaintiff's guarantee was collateralized by the Defendant taking the following additional collateral: third mortgage on 5257 West Warner; third mortgage on 2934 North McVicker; second mortgage on 2946 North Normandy; and second

2

mortgage on 2916 North New England.

13. On July 8, 2008, Defendant recorded a mortgage on 5257 West Warner as document number 0818955004 with the Cook County Recorder of Deeds.

14. On July 8, 2008, Defendant recorded a mortgage on 2934 North McVicker as document number 0818955003 with the Cook County Recorder of Deeds.

15. On July 8, 2008, Defendant recorded a mortgage on 2946 North Normandy as document number 0818955002 with the Cook County Recorder of Deeds.

16. On July 8, 2008, Defendant recorded a mortgage on 2916 North New England as document number 0818955001 with the Cook County Recorder of Deeds.

17. There is no equity in any of the Properties. None of the Properties is worth more than the first and second mortgages on the Properties.

18. On August 13, 2014, Plaintiff filed Schedule A which lists the value of each of the Properties and the amount of the secured claims against each of the Properties.

## COUNT I
## 5257 WEST WARNER
### (Disallowance of Secured Claim)

19. The value of 5257 West Warner is $295,000.00.

20. BMO Harris Bank holds a first mortgage in the amount of $105,131.53 and a second mortgage in the amount of $287,171.28 against 5257 West Warner.

22. There is no value in 5257 West Warner to secure Defendant's third mortgage claim against 5257 West Warner.

3

## COUNT II
## 2934 NORTH MCVICKER
### (Disallowance of Secured Claim)

23. The value of 2934 North McVicker is $120,186.00

24. Green Tree Servicing holds a first mortgage in the amount of $185,585.00 and Bank of America holds a second mortgage in the amount $57,463.00, against 2934 North McVicker.

25. There is no value in 2934 North McVicker to secure secure Defendant's third mortgage claim against 2934 North McVicker.

## COUNT III
## 2946 NORTH NORMANDY.
### (Disallowance of Secured Claim )

26. The Plaintiff realleges and incorporates by reference paragraphs 1-23 of this Complaint as Paragraph 35 of Count III as though fully stated herein.

27. The value of 2946 North Normandy is $127,920.00.

28. Nationstar Mortgage, LLC holds first mortgage in the amount of $199,457.52 against 2946 North Normandy.

29. There is no value in 2946 North Normandy to secure secure Defendant's second mortgage claim against 2946 North Normandy.

## COUNT IV
## 2916 NORTH NEW ENGLAND
### (Disallowance of Secured Claim)

30. The value of 2916 North New England is $134,287.00.

31. US Bank holds a first mortgage in the amount of $275,919.60 against 2916 North New England.

4

32. There is no value in 2916 North New England to secure Defendant's second mortgage claim against 2916 North New England

## COUNT V
## DISALLOWANCE OF UNSECURED CLAIM

33. On July 21, 2014, Defendant was sent notice of the filing of the Plaintiff's chapter 11 case.

34. On August 13, 2014, Plaintiff filed Schedule F which lists unsecured claims without priority. Plaintiff listed the Defendant's unsecured claim in the amount of $1,225,000.00 for mortgage deficiency claims. The claim is listed as disputed.

35. On August 21, 2014 the Court set October 31, 2014 as the last date for Creditors holding unsecured claims to file proofs of claims.

36. On August 22, 2014 Defendant was served notice of the entry of the order setting October 31, 2014 as the last day to file proofs of claim.

37. Defendant did not file a proof of claim for its unsecured deficiency claim.

## **CONCLUSIONS OF LAW**

38. 11 U.S.C. §§ 506(a)(1), (b) and (d) state:

> "(a)(1) An allowed claim of a creditor secured by a lien on property in which the estate has an interest . . . is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property . . . and is an unsecured claim to the extent that the value of such creditor's interest . . . is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.
> \*          \*          \*
> (b) To the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or

        charges provided for under the agreement or State statute under which such claim arose.

       *                                *                                *

        (d) To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void."

39.    Section 506 governs the definition and treatment of secured claims. It provides that a claim is secured only to the extent of the value of the property upon which the lien is fixed, and the remainder of the claim is unsecured. *United States v. Ron Pair Enterprises*, 440 U.S. 48, 54-55, 99 S.Ct 914, 918, 59 L.Ed.2d 136 (1993).

40.    Under §§ 506(a) and 506(d) of the Code, Defendant's secured claim against each of the properties is an allowed secured claim only to the extent of the value of the estate's interest in the properties which secure the claims.

41.    There is no value in 5257 West Warner to secure Defendant's claim. Defendant's secured claim against 5257 West Warner must be disallowed and judgment entered in favor of the Plaintiff on Count I of the Complaint.

42.    There is no value in 2934 North McVicker to secure Defendant's claim. Defendant's secured claim against 2934 North McVicker must be disallowed and judgment entered in favor of the Plaintiff on Count II of the Complaint.

43.    There is no value in 2946 North Normandy to secure Defendant's claim. Defendant's secured claim against 2946 North Normandy must be disallowed and judgment entered in favor of the Plaintiff on Count III of the Complaint.

44.    There is no value in 2916 North New England to secure Defendant's claim. Defendant's secured claim against 2916 North New England must be disallowed and judgment entered in favor of the Plaintiff on Count IV of the Complaint.

45. Bankruptcy Rule 3003(c)(2) provides: "Who Must File. Any creditor or equity security holder whose claim or interest is not scheduled or scheduled as disputed, contingent, or unliquidated shall file a proof of claim or interest within the time prescribed by subdivision (c)(3) of this rule; any creditor who fails to do so shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution."

46. In In re *Dartmoor Homes, Inc.* 175 B.R. 659, 664 (Bankr. N.D. Ill 1994), the court discusses the effect of a creditors failure to file a proof of claim when required to do so in a chapter 11 case.

> A creditor in a chapter 11 case is not necessarily required to file a proof of claim. If a claim is scheduled as undisputed, liquidated, and noncontingent, the creditor either can accept the amount scheduled as the amount of its claim or may file a claim asserting another amount. 11 U.S.C. §§ 501, 1111(a); Fed.R.Bankr.P. 3003. However, if a debtor's schedules list a claim as contingent, disputed, or unliquidated, or if the claim is omitted from the schedules altogether, the creditor must file a timely proof of claim to be treated as a creditor for purposes of voting and distribution. 11 U.S.C. § 1111(a); Fed.R.Bankr.P. 3003(c)(2).[12] If a scheduled creditor does not file a timely proof of claim when it is required to do so, that creditor is in the worst of all worlds: it cannot participate in plan voting, will receive no distributions under the plan, and will have its claim discharged, should the debtor receive a discharge. Fed.R.Bankr.P. 3003(c)(2). Unlike in a Chapter 7 case, a creditor that fails to file a required proof of claim in a Chapter 11 case does not even get a subordinated claim against the debtor. *Compare* 11 U.S.C. § 726; Fed.R.Bankr.P. 3003(c)(2). Instead, in effect the late claim simply no longer exists for purposes of the Chapter 11 case.

See also, *In re Agribank*, 188 B.R. 982 (C.D. Ill. 1995).

47. Defendant's unsecured claim against the Plaintiff must be disallowed due to Defendant's failure to timely file a proof of claim as required by Bankruptcy Rule 3003(c)(2) and the judgment entered in favor of the Plaintiff on Count V of the Complaint.

48. Defendant has not filed an appearance, an answer or other responsive pleading to the Complaint.

49. Plaintiff is entitled to the entry of a default judgment against Defendant on Counts I, II, III, IV and V of the Complaint pursuant to Bankruptcy Rule 7055.

Respectfully submitted:
DAISY SANTANA
By: /s/Karen J. Porter
One of their attorneys

Karen J. Porter
**PORTER LAW NETWORK**
230 West Monroe, Suite 240
Chicago Illinois 60606
312-675-0665
Facsimile 312-675-0334
Attorney No. 6188626